UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:99-cr-280-T-23EAJ
            8:05-cv-850-T-23EAJ

JOSE JAIME MONTERO
_____/

**O R D E R**

Jose Montero's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for possession with intent to distribute methamphetamine, for which offense Montero was sentenced to 168 months imprisonment. The conviction and sentence were pursuant to a plea agreement.

A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States. 28 U.S.C. § 2255. *See also United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (a "§ 2255 hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief'") (citation omitted); *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (affirming district court's summary dismissal of § 2255 motion

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

"[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). For the reasons set forth below, Montero's motion is without merit.

Montero is precluded from collaterally challenging his conviction and sentence in this motion to vacate sentence. Montero's plea agreement (Doc. 135) contains the standard waiver of appeal, both directly or collaterally. Because Montero's sentence was not beyond the dictates of the plea agreement, he waived his right to commence this action. *See, e.g.,Roe v. Flores-Ortega*, 528 U.S. 470, 480 & 489 (2000) ("Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.") ("Finally, of course, there is no claim here that Flores-Ortega waived his right to appeal as part of his plea agreement . . . ." Souter, J., dissenting), and *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995) ("Absent an express waiver of the right to appeal his sentence, a defendant who pleads guilty and is sentenced under the Guidelines has a right to direct appeal of his sentence.").

Additionally, Montero's motion is time-barred. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255.

Montero's judgment was entered in 2001, and his one-year limitations period expired in 2002.[2]  Because Montero did not commence this proceeding until after the expiration of the one-year limitations period, this proceeding is time-barred.

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**.  The clerk shall enter a judgment against Montero and **CLOSE** this action.

ORDERED in Tampa, Florida, on May 9, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

---

[2]  The record discloses that Montero filed a notice of appeal (Doc. 156), but it was dismissed (Doc. 164) for lack of jurisdiction because the notice filed in 2004 was untimely.